UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  V.  AARON T. SHAKIR,  Defendant. | Criminal Action No. 5: 16-091-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Aaron Shakir has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Section 1B1.13(b)(6) of the United States Sentencing Guidelines. The motion will be denied because Shakir has not identified extraordinary and compelling reasons warranting a sentence reduction and the factors under 18 U.S.C. § 3553(a) do not support the relief sought.

In May 2017, a jury convicted Defendant Shakir of conspiring to distribute crack cocaine, three counts of distributing crack cocaine, and possessing a firearm in furtherance of a drug trafficking crime. He was later sentenced to 360 months' imprisonment on each of the controlled substance offenses, to run concurrently, and a consecutive 60-month sentence on the firearms offense, for a total term of imprisonment of 420 months. Shakir's conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit. [Record No. 116] His subsequent motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 also was denied. [Record Nos. 136, 137]

Shakir recently filed a *pro se* motion for a sentence reduction based on a claim of "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Specifically, he contends that he is entitled to relief under § 1B1.13(b)(6), which provides:

> *Unusually Long Sentence.*—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Shakir's request for relief fails for several reasons.[1] Shakir has served approximately eight years in prison and therefore does not meet the requirement of having served "at least 10 years" of his term of imprisonment. And while not dispositive here, the Court is not persuaded that Shakir's sentence is "unusually long." His properly-calculated advisory guidelines range for imprisonment was 360 months to life, with a consecutive term of 60 months, and he received a sentence of 420 months.

Shakir also does not identify a change in the law that would result in a gross disparity between the sentence previously imposed and the sentence likely to be imposed today. Relying

---

[1] This Court has acknowledged that the impact of § 1B.13(b)(6) is somewhat unclear. In 2022, the Sixth Circuit concluded that "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065-66 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2506 (2023). However, in 2023, the Sentencing Commission updated U.S.S.G. § 1B.13(b) to include "unusually long sentence[s]," which permits consideration of nonretroactive changes in the law. Jurists have subsequently debated whether the policy statement in § 1B.13(b)(6) is valid. *See United States v. Mann*, 2024 WL 666324, at *4-5 (E.D. Ky. Feb. 16, 2024). Assuming such validity, Shakir is not entitled to relief. As a result, the Court need not resolve that question at this time.

on *United States v. Havis*, 907 F.3d 439 (6th Cir. 2018), he argues that he would no longer be a career offender "because his drug-conspiracy offense no longer serves as a predicate offense for the career offender status." [Record No. 161, pp. 2-3] However, the 2023 guidelines remedied the drafting issue identified in *Havis* such that the guidelines text now specifies that "controlled substance offense" include[s] the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense. U.S.S.G. § 4B1.2(d). And as this Court has previously noted, the Sixth Circuit did not express any substantive disagreement with inchoate offenses serving as predicates for the career offender enhancement. Accordingly, this is not the type of change in the law that would warrant a sentence reduction under § 1B1.13(b)(6).

Shakir's motion largely focuses on the First Step Act of 2018 and the resulting change to 21 U.S.C. § 841(b)(1)(B). Shakir was convicted under Count 8 of distributing 28 grams or more of a mixture or substance containing crack cocaine in violation of § 841(a)(1). At the time of Shakir's sentencing hearing, the statute's penalty section provided that, if any person committed the offense after a prior conviction for a felony drug offense had become final, the person was subject to a minimum term of imprisonment of 10 years and a maximum of life. § 841(b)(1)(B). The United States had previously filed notice under 21 U.S.C. § 851 of Shakir's prior convictions of distribution of crack cocaine and first-degree trafficking in a controlled substance. [Record No. 71] Because the statutory maximum for Count 8 was life imprisonment, Shakir was assigned an offense level of 37 under U.S.S.G. § 4B1.1. Combined with his Criminal History Category of VI, this produced an advisory guidelines range of 360 months to life.

The First Step Act changed § 841(b)(1)(B), requiring a "serious drug felony" rather than a felony drug offense, to trigger an enhanced penalty. Assuming (without deciding) that Shakir's prior drug felonies do not constitute "serious drug felonies" as defined under the First Step Act, his statutory maximum term of imprisonment for Count 8 would be 40 years if he were sentenced today. *See* 21 U.S.C. § 841(b)(1)(B) (eff. Dec. 2, 2022). Accordingly, his offense level under U.S.S.G. § 4B1.1 would drop to 34 and would result in an amended guidelines range of 262 to 327 months for Counts One, Four, Five, Seven, and Eight. Under either scenario, Shakir would be required to serve a consecutive 60-month sentence for his firearm conviction of Count Nine. Put simply, there is not a gross disparity between Shakir's sentence and the recalculated guidelines range. *See, e.g., United States v. Bricker*, 2024 WL 934858 (N.D. Ohio Mar. 5, 2024) (finding that 294-month sentence and amended guidelines range of 70 to 87 months constituted a gross disparity).

Shakir also cites his rehabilitation as a basis for reducing his sentence. He reports that he is currently classified as having a low risk of recidivism, but documentation tendered by the United States indicates that his risk was medium as of August 25, 2024. [*Compare* Record No. 161, p. 5 *and* Record No. 166-2, p. 3.] Shakir includes with his motion a high school equivalency credential and certificates of completion from various courses including drug abuse education. These are positive steps and the Court commends the defendant's efforts. However, he has not shown that his rehabilitation, considered in conjunction with all other factors, is so extraordinary and compelling as to justify a sentence reduction.[2] *See United*

---

[2] Shakir relies on *United States v. Gutierrez*, 2023 WL 245001 (4th Cir. Jan. 18, 2023), in arguing that his post-sentencing rehabilitation warrants a sentence reduction. While this Court is not bound by a decision of the Fourth Circuit regardless of its holding, the court in *Gutierrez* simply determined that the district court had not given a sufficient explanation for

*States v. Peguero*, 2024 WL 4112337, at *4 (W.D. Ky. Sept. 6, 2024) (citing *United States v. Harper*, 2023 WL 10677931, at *3 (6th Cir. Dec. 12, 2023)).

Shakir's motion fails for a separate reason. The factors under 18 U.S.C. § 3553(a) strongly weigh against any sentence reduction. Shakir's crimes were serious, as he distributed significant quantities of crack cocaine in the small town of Paris, Kentucky. And his criminal history is particularly troubling. In his motion, Shakir asserts that his past convictions are mainly attributed to his possession of "the drug to which he was addicted." However, Shakir has had numerous criminal convictions throughout his life, including drug trafficking, possessing a firearm as a convicted felon, sexual abuse, and wanton endangerment. Many of Shakir's previous offenses involve violence, including pushing a woman out of a moving vehicle and assaults on police. Notably, during the investigation of the instant matter, Shakir pulled a handgun on a confidential informant after quibbling about the price of crack cocaine.

As this Court expressed during Shakir's sentencing hearing, a lengthy sentence is needed to deter him from future criminal conduct and to protect the public from his actions. The defendant has served multiple terms of imprisonment following his prior convictions, but these more moderate punishments did nothing to deter Shakir from violating the terms of his supervised release and committing further crimes. The court remains persuaded that a total term of imprisonment of 420 months is minimally sufficient to effectuate the goals of 18 U.S.C. § 3553(a), particularly providing specific deterrence and protecting the public.

Shakir's request for appointed counsel also will be denied. Defendants generally are not entitled to appointed counsel to litigate compassionate release motions. *See United States*

---

denying the defendant's motion for compassionate release, particularly with respect to his "significant and extensive evidence of post-sentencing rehabilitation."

*v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (per curiam). Instead, such relief is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). In determining whether exceptional circumstances exist, courts examine the type of case and the defendant's ability to represent himself. *Id.* at 606. Issues raised in compassionate release motions typically are based on facts known to the defendant and can be resolved based on the record alone. *United States v. Dukes*, 2020 WL 7212567, at *2 (E.D. Ky. Dec. 7, 2020). Purportedly drafted with the assistance of another inmate, the instant motion constitutes a well-articulated request which outlines the reasons Shakir believes he is entitled to a sentence reduction.

Based on the foregoing analysis, it is hereby

**ORDERED** that the defendant's motion for the appointment of counsel and a sentence reduction [Record No. 161] is **DENIED**.

Dated: September 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky