UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5: 16-091-DCR |
| V. | ) |
| AARON T. SHAKIR, | ) **MEMORANDUM ORDER** |
| Defendant. | ) |

*** *** *** ***

The Court previously denied Defendant Aaron Shakir's motion for a sentence reduction, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Section 1B1.13(b)(6) of the United States Sentencing Guidelines. [Record No. 168] In explaining one reason for the denial of the defendant's motion, the Court incorrectly referenced the criminal history of co-Defendant Tracey Thomas. [*Id.*, p. 5] By letter filed September 24, 2024, Defendant Shakir properly called this error to the Court's attention.[1] [Record No. 169] The Court construes this letter as a motion for reconsideration. However, after reevaluating Shakir's criminal history, the undersigned declines to modify the earlier denial of his motion.

As outlined in Part B of the defendant's Presentence Investigation Report, Shakir had at least 13 juvenile delinquent adjudications between 1995 and 1998. [Record No. 97] These convictions included robbery, criminal damaging/endangering, disorderly conduct, criminal

---

[1] Shakir does not have convictions for possessing a firearm as a convicted felon, sexual abuse, or wanton endangerment. Likewise, while he has a conviction involving the use of a knife in connection with a theft conviction, his criminal conduct does not include pushing anyone out of a moving vehicle.

trespass, possession of marijuana, curfew violations and several violations of court orders. [*Id.*, ¶ 31] These juvenile convictions do not result in assessment of criminal history points and did not impact his Criminal History Category. And although the convictions support the Court's finding regarding a pattern of criminal conduct extending into adulthood, they have little impact on resolution of Shakir's motion for a sentence reduction.

In 2008 (at age 27), Shakir was convicted of theft by unlawful taking in the Bourbon District Court. The descriptive information for this conviction indicates that the victim in the case was stopped by the defendant and others while traveling in Paris, Kentucky. During an altercation regarding a debt apparently owed to Shakir, money was taken from the victim's vehicle. And during the incident, "the victim exited her vehicle to confront the defendant, at which time, he then reportedly pulled a knife out on her." The original charge of first-degree robbery was amended to theft by unlawful taking and the defendant received a suspended sentence. [*Id.*, ¶ 32]

The following year (at age 28) the defendant was convicted of disorderly conduct (second-degree). Although no criminal points were assessed for this conviction, the descriptive information indicates that law enforcement officers were called to an area of Paris, Kentucky, in response to a call regarding a group of armed males with weapons and who were instigating a fight. Upon arrival, officers described Shakir as "belligerent with police." During the interaction, he "spat" on a police vehicle and was arrested after "cursing and yelling at the police officers[,] causing alarm to others . . ." [*Id.*, ¶ 33]

In February and June of 2010, Shakir was convicted of public intoxication (controlled substance) [*Id.,* ¶ 34] and disorderly conduct, second-degree [*Id.* ¶ 35], respectively. With respect to the latter conviction, the defendant was described as "running and screaming in the

streets of Paris, Kentucky, causing alarm to others." Also in 2010 (at age 29), following a joint investigation conducted by the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives and Kentucky State Police, the defendant was convicted in this Court for distributing crack cocaine as part of a gang identified as "148". [*Id.*, ¶ 36]

Next, in 2012 (at age 31) Shakir was charged and later convicted for possessing controlled substances (*i.e.*, crack cocaine and hydrocodone pills) in Bourbon County, Kentucky. Thereafter (in 2013), he was convicted in a separate case for trafficking heroin in the same area. [*Id.*, ¶¶ 37, 38][2]

This consistent and lengthy pattern of criminal conduct presents a clear and continuing danger to the public.[3] And the Court continues to believe that Shakir will not discontinue such conduct if his sentence were to be reduced. In short, the undersigned's earlier determination that Shakir's "criminal history is particularly troubling" has not changed. Therefore, based on the foregoing analysis and reconsideration, it is hereby

**ORDERED** that the defendant's motion for reconsideration [Record No. 169] is **DENIED**.

---

[2] Under §4B1.1(b), Shakir was designated as a career offender under the 2016 edition of the United States Sentencing Guidelines Manual. [*See* Record No. 97, ¶ 40.]

[3] Although Shakir was found to be competent, the Forensic Report filed in this action indicates that he suffers from a primary diagnosis of antisocial personality disorder, as well as secondary diagnoses of: (a) a history of substance-induced bipolar and related disorder; (b) cannabis use disorder, in a controlled setting; (c) Stimulant use disorder in a controlled setting; and (d) alcohol use disorder in a controlled setting. [Record No. 28]

- 4 -

Dated: September 26, 2024.

          Danny C. Reeves, Chief Judge
          United States District Court
          Eastern District of Kentucky